UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN ORTIZ,

                         **Plaintiff,**

                -against-

CITY OF NEW YORK, et al.,

                      **Defendants.**

**1:23-cv-02047-ALC**

**OPINION & ORDER**

**ANDREW L. CARTER JR., United States District Judge**:

Plaintiff Juan Ortiz brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants City of New York, Dr. Jayanta Ray ("Dr. Ray"), and Physician's Assistant Thomas Schwaner ("PA Schwaner") (Collectively, "Defendants") violated his federal constitutional rights through denial of medical care and excessive force. ECF No. 10. Defendants move to dismiss the First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Because Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), the Defendants' motion to dismiss is hereby GRANTED.

## STATEMENT OF FACTS

Plaintiff Juan Ortiz is an inmate at North Infirmary Command (NIC) at Rikers Island Correctional Facility located in East Elmhurst, New York. ECF No. 10 at 4. Plaintiff alleges that beginning on February 15, 2023, while being returned to his cell from the law library, he was placed in handcuffs until the following morning on February 16, 2023. *Id*. Plaintiff further claims that his hands felt "numb with a tingling sensation" following the alleged incident. *Id*. Although he expressed to multiple doctors that he was feeling severe pain, he was allegedly told that there was nothing that could be done. *Id*. Plaintiff alleges that he called 311, made numerous

complaints, and remained in severe pain and unable to perform his regular duties due to the

numbness in his hands and fingers. *Id*. He further alleges that at the time of his Amended

Complaint on May 24, 2023, he had not received any medical care or treatment. *Id*.

## PROCEDURAL HISTORY

On March 9, 2023, Plaintiff Juan Ortiz filed the original Complaint against Defendants

the City of New York, the New York City Department of Correction ("DOC"), and Correction

Officer Caraballo #4513 alleging an excessive force claim. ECF No. 1. On April 7, 2023, the

Court dismissed Plaintiff's claims against the DOC, requested that the City of New York and

Correction Officer Caraballo #4513 waive service of summons, and granted Plaintiff leave to file

an amended complaint alleging facts supporting a claim for inadequate medical care and naming

as Defendants the individuals who were personally involved in allegedly denying him medical

care as Defendants.  ECF No. 6. On June 20, 2023, Plaintiff filed the FAC, which added a denial

of medical care claim, removed Correctional Officer Carballo as a Defendant, and named two

individual defendants, Dr. Ray and PA Schwaner. ECF No. 10.

On April 18, 2024, Defendants filed their motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6). ECF No. 38. On May 23, 2024, Defendants filed a letter requesting

that the Court treat their motion to dismiss as unopposed and to deem that the Plaintiff's claims

abandoned based on the Plaintiff's failure to respond to any arguments in the Defendants' motion

to dismiss. ECF No. 40. On January 24, 2025, this Court issued an Order to Show Cause

("OSHOW") directing Plaintiff to explain why Defendants' motion to dismiss should not be

deemed unopposed. ECF No. 43. Plaintiff had until February 21, 2025, to respond but has not

done so to date. The Court considers this motion unopposed.

2

**LEGAL STANDARD**

When considering a 12(b)(6) motion, a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement of relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficiently factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2 1059, 1067 (2d Cir. 1985). A reviewing court ought not dismiss a complaint where "enough facts to state a claim to relief that is plausible on its face" have been plead." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

"Courts must afford *pro se* plaintiffs 'special solicitude' " in reviewing their filings. *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir.1994)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "This policy of liberally construing *pro se*

submissions is driven by the understanding that implicit in the right of self-representation is an

obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from

inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v.*

*Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications

omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they

suggest." *Id.* at 474. This Court has construed this motion with those considerations in mind.

## DISCUSSION

This Court finds that the Plaintiff has failed to exhaust his available administrative

remedies in accordance with the PLRA. Before prisoners are permitted to bring an action for

prison conditions pursuant to Section 1983, prisoners must exhaust their administrative remedies

by following the complaint procedure adopted by the New York State Department of Corrections

and Community Supervision ("DOCCS"). *Hudson v. City of New York*, 15 Civ. 4920 (PAC)

(HBP), 2016 WL 3976399, at *2 (S.D.N.Y. June 23, 2016). The PLRA states: "No action shall

be brought with respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Each individual

plaintiff must exhaust his own remedies prior to bringing a 1983 action based on prison

conditions. *Arzu v. City of New York*, No. 24-CV-06058, 2025 WL 437699, at *3 (S.D.N.Y. Feb.

7, 2025). A court may grant a Rule 12(b)(6) "[d]ismissal of a complaint for failure to exhaust

administrative remedies**...**where 'it is clear on the face of the complaint that the plaintiff did not

satisfy the PLRA exhaustion requirement.'" *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122

(2d Cir. 2016) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Exhaustion does not need to be pleaded in a complaint; failure to exhaust is a defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Ackridge v. Aramark Corr. Food Servs.*, No. 16-CV-6301 (KMK), 2018 WL 1626175, at \*9 (S.D.N.Y. Mar. 30, 2018) ("A plaintiff need not plead that ... he did in fact exhaust [his] administrative remedies, because the '[f]ailure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement.'") (citing *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016)). Nevertheless, failure to exhaust may still be the basis for failure to state a claim where it appears "on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) (discussing affirmative defenses that appear on the face of the complaint); *see, e.g.*, *Hickman v. City of New York*, No. 20-cv-4699 (RA) (OTW), 2021 WL 3604786, at \*3 (S.D.N.Y. Aug. 12, 2021) (dismissing PLRA complaint for failure to exhaust); *Antrobus v. Warden of GRVC*, No. 11-cv-05128 (JMF), 2012 WL 1900542, at \*2-3 (S.D.N.Y. May 25, 2012) (same). However, "prisoners are exempt from the exhaustion requirement when administrative remedies are [objectively] unavailable." *Lucente v. County of Suffolk*, 980 F.3d 284, 311 (internal citation and quotation marks omitted).

In New York City, the procedures for exhaustion are governed by the Department of Correction's Inmate Grievance Procedure ("IGRP"). *See, e.g.*, *Hudson v. City of New York*, No. 15-cv-4920 (PAC) (HBP), 2016 WL 3976399, at \*3 (S.D.N.Y. June 23, 2016), *report and recommendation adopted*, No. 15-cv-4920 (PAC) (HBP), 2016 WL 3982512 (S.D.N.Y. July 21, 2016). "The IGRP applies to '[a]ny inmate who is directly and personally affected by an issue, condition, practice, service, or lack of an accommodation with regard to any issue that may arise in connection with their incarceration or action relating to their confinement.'" *Massey v. City of New York*, No. 20-cv-5665 (GBD) (DF), 2021 WL 4943564, at \*7 (S.D.N.Y. Aug. 30, 2021),

*report and recommendation adopted*, No. 20-cv-5665 (GBD) (DF), 2021 WL 4459459

(S.D.N.Y. Sept. 29, 2021) (citing IGRP § I). This includes complaints about access to medical

care. *Id.*

The December 10, 2018 version of the IGRP provides for the following procedure for

processing and resolving inmate complaint: "(1) submission of a complaint to the Office of

Constituent and Grievance Services; (2) an appeal to the facility's Commanding officer; (3) an

appeal to the facility's Division Chief; and (4) an appeal to the Central Office Review

Committee." *Young v. Carter*, No. 21-CV-8973 (MKV), 2023 WL 2430408, at *2 (S.D.N.Y.

Mar. 9, 2023) (citing N.Y. City Dep't of Correction, Directive 3376R-A (effective Dec. 10,

2018). "Each of these steps can take between five and seven days, such that the entire 'grievance

process may take several weeks to complete.' " *Id.* (citing *Bush v. City of New York*, No. 19-cv-

5319, 2021 WL 1198321, at *2 (S.D.N.Y. Marc. 30, 2021)); *see also Kelly v. Carter*, No. 21-

CV-8992 (ALC), 2023 WL 5334018, at *3 (S.D.N.Y. Aug. 18, 2023).

Under the IGRP, an inmate must first file a grievance form with the Office of Constituent

and Grievance Services ("OCGS") or call 311. IGRP § V(F)-(J). Within seven days of the

submission of the complaint, the Grievance Coordinator then reviews the complaint and may

"either dismiss and close the grievance, refer the submission to the appropriate entity, or

investigate the grievance and propose a resolution to the inmate." IGRP § VI(A)(1). "The

Grievance Coordinator shall [then] meet with the inmate to review the proposed resolution." *Id.*

The inmate may decide to reject and appeal the proposed resolution to the Commanding Officer.

IGRP § VII(A). Within five days, the Commanding Officer must review and decide the appeal.

IGRP § VII(B). "If the inmate does not accept the Commanding Officer's disposition and wishes

to appeal to the Division Chief, the inmate shall indicate so ... within two (2) business days of

notification of the Commanding Officer's disposition." IGRP § VII(D). "Lastly, if the inmate is

dissatisfied with the decision of the Division Chief, he may appeal to the Central Office Review

Committee ("CORC")." *Massey*, 2021 WL 4943564, at *7 (citing IGRP § IX(A)). The CORC

decision is final. *Id.*

The Court finds that it is apparent from the face of the Complaint that Plaintiff did not

exhaust his administrative remedies prior to filing the instant action. Here, Defendants argue that

only 18 days have elapsed between the initiation of this action and the alleged incidents, given

the timeline between the date of the incident, February 16, 2023, and the date Plaintiff signed

and dated the original Complaint, March 3, 2023. ECF No. 38 at 16-17. Even if Plaintiff acted

expeditiously and without any further delay, it would take approximately five or six weeks from

the filing of the initial grievance to complete the mandated grievance process. Assuming Plaintiff

filed his grievance on February 16, 2023, as suggested in the FAC where he pleads that he called

311 and made numerous complaints, it would have been impossible for Plaintiff to proceed

through the entire grievance process, including all appeals, before Plaintiff filed the original

Complaint on March 3, 2023. ECF No. 10; *see Cary v. City of New York*, No. 17 CIV. 6443,

2018 WL 1581988, at *3 (S.D.N.Y. Mar. 27, 2018) (dismissing a *pro se* complaint based on the

Plaintiff's failure to exhaust IGRP administrative remedies where the complaint was submitted

less than 30 days after the alleged incident); *see also Price v. City of New York*, No. 11 Civ. 6170

(TPG), 2012 WL 3798227, at *3 (S.D.N.Y. Aug. 30, 2012) (holding that it would have been

impossible for the plaintiff to have pursued his grievance through all steps of the procedure in the

21 days between the alleged incident and the filing of his complaint). Accordingly, Plaintiff has

failed to exhaust his administrative remedies, and on this basis alone, Defendants' motion is

granted.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**. The Clerk

of Court is hereby directed to terminate all pending motions and close this case.


**SO ORDERED.**


**Dated: March 27, 2025**
      **New York, NY**

                                  **ANDREW L. CARTER, JR.**
                                  **United States District Judge**